IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHERILYN DENISE JONES, ) | Case No. 04-47861-drd |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion of creditor Safety, Inc. ("Creditor") to dismiss the case pursuant to 11 U.S.C. § 109(g)(1). A hearing was held by this Court on January 4, 2005. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court grants the Creditor's motion to dismiss the case pursuant to § 109(g)(1).

### FACTUAL BACKGROUND

Debtor Sherilyn Denise Jones ("Debtor") filed her first Chapter 13 bankruptcy petition on February 22, 2001. A plan was confirmed but the case was dismissed on October 25, 2001, for default in plan payments. On November 29, 2001, Debtor filed a second Chapter 13 bankruptcy case which was dismissed for failure to file a confirmable plan on July 22, 2002. Debtor filed a third Chapter 13 bankruptcy case on January 7, 2003, and filed a confirmable plan. Creditor received approximately $2000 on its claim from payments made by Debtor through the plan. Subsequently, the holder of the deed of trust on Debtor's residence obtained relief from the stay and Debtor

voluntarily dismissed the case on September 28, 2004. On the same date, September 28, 2004, Debtor filed a fourth Chapter 13 bankruptcy case. On November 3, 2004, the case was dismissed for failure to comply with the Court's order to show cause why the order for relief should not be set aside for failure to file a plan. On December 21, 2004, Debtor filed the present Chapter 7 case and Creditor filed the motion to dismiss pursuant to § 109(g)(1).

## DISCUSSION

11 U.S.C. § 109(g) provides in part:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if-
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> (2) the debtor requested and obtained voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The burden of establishing eligibility in bankruptcy lies with the party filing the bankruptcy petition. *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415 (8th Cir. 1994) (citing *In re Tim Wargo & Sons, Inc.*, 869 F.2d 1128, 1130 (8th Cir. 1989)). When a § 109(g) issue is properly raised, the debtor must establish that the failure to obey a court order was not willful. *Id.* "Willful" conduct is defined as:

> Intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control. A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.'

*In re Campbell*, 266 B.R. 709, 712-13 (Bankr. W.D. Ark. 2001) (quoting *In re Welling*, 102 B.R. 720, 723 (Bankr. S.D. Iowa 1989)).

Creditor asserts that Debtor is ineligible to be a debtor because a previous Chapter 13 case

was dismissed within the past180 days for her willful failure to abide by a court order. Specifically, Debtor's fourth bankruptcy was dismissed by this Court on November 3, 2004, for Debtor's failure to comply with this Court's order to show cause why she had failed to file a Chapter 13 plan. This Court held a hearing on Creditor's motion to dismiss in this case at which Debtor did not appear to offer any evidence as to her reasons for failing to file the plan in her prior bankruptcy case. Debtor's counsel offered several explanations, none of which establishes that Debtor's failure to obey the court order was not willful. First, Debtor's counsel reminded the Court that the prior filing was pro se. However, this does not show that Debtor's failure to file a plan was not willful as pro se debtors are held to the same standards as debtors represented by counsel. *See In re Stober*, 193 B.R. 5, 9 (Bankr. D. Ariz. 1996) (holding in 109(g) context that laymen who represent themselves held to same standard as attorneys); *see also, In re Nagel*, 245 B.R. 657, 664 (D. Ariz. 1999); *Miller v. First Fed. Sav. & Loan Ass'n Of Menassen (In re Mille*r), 143 B.R. 815, 819 (Bankr. W.D. Pa. 1992). Second, Debtor was capable of filing a Petition, Schedules of Assets and Liabilities and a Statement of Financial Affairs without the assistance of counsel. Third, Debtor had been a debtor in three prior Chapter 13 cases, including two in which her plans were confirmed; thus, she knew the basics of preparing and filing a plan and presumably could have done this on her own.

Debtor's attorney also suggested that Debtor did not file a plan because the creditor that held a lien on Debtor's home had already obtained relief from the automatic stay to foreclose on the residence and, that Debtor was unable to propose a feasible plan. Rather than demonstrating that her failure to file a plan was not willful, this indicates that she made a deliberate decision not to do so because it would be futile or because she could not achieve the objective for which she filed the case, or both. Additionally, Debtor's attorney argued that Debtor could simply have converted her

fourth bankruptcy case to Chapter 7 and the case would not have been dismissed for failure to file a plan. First, it is not clear that is true. Debtor's fourth case may have been subject to dismissal on grounds that she was not eligible to file as a result of her conduct in her third bankruptcy case. In particular, the record shows that the third case was voluntarily dismissed after the filing of a motion for relief from automatic stay. The fourth case was filed in an attempt to stop the foreclosure initiated by the creditor obtaining relief. The Debtor notes that in the fourth case the holder of the lien on her residence filed a motion to dismiss pursuant to § 109(g)(2) or in the alternative for relief from the automatic stay, and that the Court granted relief from stay but denied the request for dismissal. From this, Debtor's counsel draws the inference that the Court somehow validated the fourth filing and rejected the challenge to her eligibility. On the contrary, the Court merely granted an alternative request for relief. The Court denied the motion to dismiss on § 109(g)(2) grounds without prejudice; it may have been raised at a later date by another creditor or by the Chapter 13 Trustee. Second, while the Debtor might have moved to convert, she did not in fact do so, but suffered the dismissal of her fourth case and refiled for relief with this case. In the interim, Creditor expended time and money attempting to collect on its claim, an effort that was once again thwarted by another filing by Debtor.

Furthermore, the Court notes that Debtor failed to appear at the first meeting of creditors in her fourth case. The Eight Circuit has held that failure to attend a creditors meeting is a failure to obey a court order within the meaning of § 109(g)(1). *See Montgomery*, 37 F.3d at 414. While Debtor's fourth case was not dismissed for this reason, but rather for her failure to file a plan, her failure to attend the first meeting of creditors offers additional evidence that Debtor's failure to obey the Court's order to file a plan was willful and intentional. Accordingly, based on all of the

4

evidence, the Court finds that Debtor willfully failed to obey the Court's order to file a plan in her fourth bankruptcy case and the case was dismissed as a direct result of this failure. Thus, Debtor was ineligible to be a debtor in a case under the Bankruptcy Code, pursuant to § 109(g)(1), at the time she filed this Chapter 7 proceeding.

Creditor has also argued in its brief that the case should be dismissed under § 109(g)(2) on the grounds the Debtor was ineligible because her third case was voluntarily dismissed after the filing of a motion for relief from automatic stay. While the Debtor was likely ineligible for that reason as well, as discussed above, the Court does not consider that basis for the motion because, as Debtor points out, it was offered neither in the motion to dismiss nor at the hearing. *See, e.g., In re Moniz*, 317 B.R. 45, 48 (Bankr. D.R.I.. 2004) (holding that arguments counsel did not present first time not considered).

Finally, Creditor requested sanctions against Debtor in the motion to dismiss, specifically an order barring Debtor from refiling for a period of three years based upon *In re Rusher*, 283 B.R. 544 (Bankr. W.D. Mo. 2002) and *In re Tolbert*, 255 B.R. 214 (B.A.P. 8th Cir. 2000). In those cases, the debtors had held creditors at bay for extended periods of time during which the creditors received no payment on their claims. This case is distinguishable in two respects. First, this Debtor filed and actually obtained confirmation of Chapter 13 plans in two of her previous cases. In addition, as a result of her third filing, the moving creditor received a substantial payment on its claim less than approximately 12 months ago. Creditor conceded at the hearing that it received a payment of approximately $2000 on its claim in the third bankruptcy case, which reduced the balance to the $785 Debtor now owes. The rationale of the cited cases is therefore not applicable here. For these reasons, the Court does not consider it appropriate to sanction Debtor in the manner

suggested.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated: February 4, 2005                    /s/ Dennis R. Dow

                                           THE HONORABLE DENNIS R. DOW
                                           UNITED STATES BANKRUPTCY JUDGE

Copies to:
Robert N. Calbi
R. Britt Carlson